1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL SMITH, *et al.*, individually and        Case No. 1:25-cv-00571-CDB
      on behalf of all those similarly situated,

12                                                      ORDER ON PLAINTIFFS' FILING OF
                        Plaintiffs,                     NOTICE OF VOLUNTARY DISMISSAL

13
              v.                                        (Doc. 15)

14
      ELEVADO DRINKS, LLC, *et al.*,                    **SEVEN-DAY DEADLINE**

15
                        Defendants.

16

17

18          On May 14, 2025, Plaintiffs Michael Smith and Jason Ferguson initiated this action with

19    the filing of a complaint, asserting claims on behalf of themselves and a putative class against

20    Defendants Elevado Drinks, LLC, Chaco Flaco Drinks, LLC, Hop the Wave Brewing Company,

21    and Charles Moore. (Doc. 1).

22          On August 20, 2025, Plaintiffs filed a notice of voluntary dismissal of their complaint with

23    prejudice. (Doc. 15).

24          Plaintiffs' notice of dismissal comports with the requirements of Fed. R. Civ. P.

25    41(a)(1)(A)(i) and Plaintiffs are entitled to dismiss their individual claims (including, with

26    prejudice) without court order. In a class action, however, court approval of dismissal may be

27    required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that

28    any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for

1    purposes of settlement ... may be settled, voluntarily dismissed, or compromised only with the

2    court's approval." Fed. R. Civ. P. 23(e).

3         Here, no class has been certified, Plaintiffs have not sought certification, nor has

4    certification been proposed for purposes of settlement. Ordinarily, where no class has been

5    certified, and where any dismissal would not affect putative class members' claims (*i.e.*, where the

6    dismissal of class claims is *without prejudice*), Rule 23(e) does not mandate either Court approval

7    of any settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed.

8    Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff

9    before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into

10    her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 &*

11    *505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)). In other

12    words, "where the settlement and dismissal only pertain to the class representative's individual

13    claims, court approval is not required to dismiss the individual claims as the putative class claims,

14    having not yet been certified, have not come into existence; thus, there is nothing to dismiss." *Lee*

15    *v. CVS Pharmacy*, Inc., No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28,

16    2021).

17         However, Plaintiffs' notice of dismissal here purports to dismiss the entire action –

18    including claims on behalf of putative class members – *with prejudice*. Permitting dismissal of

19    class claims with prejudice could improperly concede the interests of any potential new class action.

20    *See Casey v. Medcursor, Inc*., No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378, at *2 (E.D. Cal.

21    Oct. 12, 2021) ("the settlement between plaintiff and defendants resolves only plaintiff's individual

22    claims—because the parties are only requesting dismissal of the class claims without prejudice,

23    leaving putative class members free to pursue a new class action, no class interests are being

24    conceded").

25

26                         *Remainder of This Page Intentionally Left Blank*

27

28

**Conclusion and Order**

Accordingly, for the reasons outlined above, Plaintiffs are HEREBY ORDERED to file **within seven (7) days** an amended notice in which they clarify whether they are dismissing only their individual claims with prejudice, and the class claims without prejudice, or otherwise describe the particulars of their dismissal separately as to the individual claims and the class claims.

IT IS SO ORDERED.

Dated:   **August 21, 2025**

_____
UNITED STATES MAGISTRATE JUDGE