UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH, *et al.*, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELEVADO DRINKS, LLC, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00571-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 17)<br><br><u>Clerk of the Court to Assign District Judge</u> |

      On May 14, 2025, Plaintiffs Michael Smith and Jason Ferguson initiated this action with the filing of a complaint, asserting claims on behalf of themselves and a putative class against Defendants Elevado Drinks, LLC, Chaco Flaco Drinks, LLC, Hop the Wave Brewing Company, and Charles Moore. (Doc. 1). On August 20, 2025, Plaintiffs filed a notice of voluntary dismissal of their complaint with prejudice. (Doc. 15). On August 21, 2025, the Court directed Plaintiffs to file an amended notice clarifying the particulars of their voluntary dismissal separately as to the individual claims and the putative class claims. (Doc. 16).

      Pending before the Court is Plaintiffs' amended notice of voluntary dismissal with prejudice as to their individual claims and without prejudice as to the putative class claims. (Doc. 17). Plaintiffs' amended notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiffs are entitled to dismiss their individual claims (at least) without court

order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiffs seek to dismiss their individual claims with prejudice and the claims of the putative class without prejudice. (Doc. 17 at 2). No class has been certified in this action nor is there a class proposed to be certified for purposes of settlement. (*See* Docs. 1, 13). Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the parties' stipulation to dismiss the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiffs' filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a district judge for the purpose of closing this case and then to CLOSE the case and adjust the docket to reflect voluntary dismissal with prejudice, pursuant to Rule 41(a)(1)(A)(i), as to Plaintiffs' individual claims, and dismissal without prejudice as to the putative class claims.

IT IS SO ORDERED.

Dated: **August 22, 2025**

UNITED STATES MAGISTRATE JUDGE